# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6327 | **DATE** | 7/24/2001 |
| **CASE TITLE** | JIMMY RIVERA vs. JAMES R. COX | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendant's motion to dismiss. [5-1]. Because the Court lacks jurisdiction in this case, it denies plaintiff's motions to transfer the case and to substitute Cox with the Chicago Transit Authority as defendant{7-1, 7-2, and 7-3]. This case is hereby dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | JUL 26 2001 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | UMJ docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | JUL 26 2001 date mailed notice |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | UMJ mailing deputy initials |

Document Number: 10

Filed for Docketing 01 JUL 26 AM 8:26

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JIMMY RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | 00 C 6327 |
| JAMES R. COX, Arbitrator, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 12, 2000, *pro se* plaintiff Jimmy Rivera, pursuant to Act 5 of the Illinois Uniform Arbitration Act (710 ILL. COMP. STAT. § 5/1 *et seq.*), filed a petition to vacate, modify or correct an arbitration award issued by James R. Cox. The defendant has moved to dismiss the complaint pursuant to the Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). In response, the plaintiff has moved to transfer the case, dismiss the defendant Cox and name the Chicago Transit Authority as the defendant in this case. For the reasons provided in this Memorandum Opinion and Order, defendant's motion is granted and plaintiff's motions to transfer and to substitute Cox with the Chicago Transit Authority are denied.



DOCKETED

JUL 2 6 2001

/0

## FACTS

Mr. Rivera was employed as a switchman for the Chicago Transit Authority ("CTA") for 22 years. On April 15, 1998, Mr. Rivera submitted to a random drug test that was positive for marijuana metabolites. Mr. Rivera denies the use of marijuana and attributes his positive test result to the use of "hemp oil." On April 21, 1998, Mr. Rivera was interviewed by Dr. Irma Realiza, who referred him to Human Resources to schedule a disciplinary hearing. Subsequent to this disciplinary hearing, Mr. Rivera was placed in a "nonsafety-sensitive" position until further research could be conducted regarding the use of hemp oil producing a false positive for THC metabolites. Under protest, Mr. Rivera was suspended to the Employee Assistance Program effective May 18, 1998. Mr. Rivera was admitted to an intensive outpatient program at Lutheran General Hospital on June 3, 1998, and was able to maintain abstinence until his discharge on June 16, 1998, where he was found to have no addictive disease. Mr. Rivera was released from the Employee Assistance Program on November 13, 1998.

On May 15, 1998, Mr. Rivera filed a grievance contesting his suspension, which was denied on June 10, 1998, resulting in arbitration between the Amalgamated Transit Union, Local 308 and the Chicago Transit Authority. The award was issued on December 30, 1999 and provided that Mr. Rivera be treated as a volunteer into the Employee Assistance Program and that he be compensated as set forth in his employment contract for such volunteers. It is this award which Mr. Rivera seeks to vacate.

**DISCUSSION**

In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept all well-pled facts as true and "draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001) (citing *Rueth v. United States EPA,* 13 F.3d 227, 229 (7th Cir. 1993)). "[I]n reviewing a *pro se* complaint, we must employ standards less stringent than if the complaint had been drafted by counsel." *Curtis v. Bembenek,* 48 F.3d 281, 283 (7th Cir. 1995). "[T]he court should consider allegations contained in the other court filings of a *pro se* plaintiff ...." *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir. 1992). "The petitioning party must demonstrate that diversity or federal question jurisdiction exists." *Minor v. Prudential Secs., Inc.,* 94 F.3d 1103, 1105 (7th Cir. 1996).

Federal question jurisdiction is given to the district courts in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction may also be established through diversity pursuant to 28 U.S.C. § 1332.

**I.     Lack of Federal Question Jurisdiction**

To establish federal question jurisdiction in this case, Mr. Rivera must show either: (1) that a federal statute grants the court jurisdiction; or (2) that there is common law jurisdiction due to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Sys., Inc.,* 959 F.2d 1424, 1426-27 (7th Cir. 1992). The defendant correctly argues that the plaintiff's claim against Mr. Cox

should be dismissed for lack of subject matter jurisdiction. Mr. Rivera has filed this action pursuant to Act 5 of the Illinois Uniform Arbitration Act, 710 ILL. COMP. STAT. § 5/1 *et seq.*, a state statute, which does not grant federal jurisdiction. Although the plaintiff claims this Court has federal question jurisdiction under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, as the defendant has argued, the CTA is excluded as a covered employer under the LMRA. Under section 152 of the LMRA the term "employer" does not include any "State or political subdivision." 29 U.S.C. § 152. The CTA is a "political subdivision" created by the Metropolitan Transit Authority Act, 70 ILL. COMP. STAT. § 3605/3. As a "political subdivision" the CTA is an excluded employer and this Court does not have federal question jurisdiction in this case. *See Chaparro-Febus v. Int'l Longshoreman Ass'n, Local 1575*, 983 F.2d 325, 329 (1st Cir. 1992) (stating political subdivision is specifically excluded from term "employer" under 29 U.S.C. § 152(2)). The Supreme Court has held that "federal question jurisdiction arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Minor*, 94 F.3d at 1105 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Thus, Rivera fails to establish federal question jurisdiction based on a statutory grant.

Given that Mr. Rivera is a *pro se* plaintiff we may consider other court filings in addition to the complaint when determining jurisdiction. *Swofford*, 969 F.2d at 549. However, Mr. Rivera has failed to allege any other basis for federal question jurisdiction.

4

Even if Mr. Rivera had filed his complaint pursuant to section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, which pertains to vacating an arbitration award, that section does not "constitute a grant of subject matter jurisdiction." *Minor,* 94 F.3d at 1104. "'There must be diversity of citizenship or some other independent basis for federal jurisdiction . . . [for] enforcement of the Act is left in large part to the state courts.'" *Id.* at 1105 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1983)). Although Mr. Rivera has alleged unethical misconduct by the defendant, which may be a cause for the Court to vacate the award under section 10(a)(3) of the FAA, without jurisdiction the Court does not have the authority to address such a claim on the merits. 9 U.S.C. § 10(a). Therefore, Mr. Rivera has failed to establish federal question jurisdiction.

## II. Lack of Diversity Jurisdiction

In the alternative, Mr. Rivera may establish diversity jurisdiction by pleading an amount in controversy in excess of $75,000.00 and there must be complete diversity of citizenship. 28 U.S.C. § 1332. In the present case, Mr. Rivera has pleaded damages in the amount of $20,000.00 and there is no complete diversity. Therefore, the defendant has correctly argued that the Court lacks both federal question jurisdiction and diversity jurisdiction. In the absence of jurisdiction, the Court finds it unnecessary to address the defendant's arguments regarding arbitrator immunity and the timeliness of the complaint.

5

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss. (Docket No. 5-1). Because the Court lacks jurisdiction in this case, it denies plaintiff's motions to transfer the case and to substitute Cox with the Chicago Transit Authority as defendant. (Docket Nos. 7-1, 7-2, and 7-3). This case is hereby dismissed.

SO ORDERED          ENTERED: 7/24/07

                   HON. RONALD A. GUZMAN
                   **United States Judge**